**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JEREMY ISAIAH SELSKY,**

      **Plaintiff,**

**vs.**                            **Case No. 4:18cv105-MW/CAS**

**FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,**

      **Defendants.**

_____/

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, an inmate proceeding pro se, initiated this case in February 2018, by filing a motion requesting leave to proceed in forma pauperis, ECF No. 2, a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a letter, ECF No. 3. The letter revealed that Plaintiff was to be released from prison on March 1, 2018, and on April 6, 2018, Plaintiff submitted a notice of change of address which also advised that he wanted to continue this litigation. ECF No. 5.

An Order was entered on April 19, 2018, noting that Plaintiff's new address was updated by the Clerk's Office, and advising Plaintiff that in

light of his release from prison, he must file an updated in forma pauperis

application stating whether or not he was employed and presenting a more

accurate depiction of his current financial abilities.  ECF No. 6.  Plaintiff

was directed to file an amended in forma pauperis motion by May 17, 2018.

*Id.*  Additionally, a courtesy review was made of Plaintiff's complaint and,

because it was deficient, Plaintiff was also required to file an amended

complaint by the same deadline.  *Id.*  As of this date, Plaintiff has not

complied.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own

docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute

or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No.

3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The

Supreme Court has held that "[t]he authority of a court to dismiss sua

sponte for lack of prosecution has generally been considered an 'inherent

power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted

in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir.

2005)).  In addition, the local rules of this Court provide that if "a party fails

to comply with . . . a court order, the Court may strike a pleading, dismiss a

claim, enter a default on a claim, rake other appropriate action, or issue an

order to show cause why any of these actions should not be taken." N.D.

Fla. Loc. R. 41.1. Because Plaintiff was warned that if he failed to comply,

a recommendation would be made to dismiss this case, dismissal is now

appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

failure to prosecute and failure to comply with court orders.

**IN CHAMBERS** at Tallahassee, Florida, on June 21, 2018.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic**</u>

**docket is for the Court's internal use only and does not control.**  **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.**  ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**